UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JOSE L. TORRES, | ) |
|     Plaintiff, | ) ) ) Case No. |
| vs. | ) ) |
| ROCK RIVER DISPOSAL SERVICES, INC., a subsidiary of WASTE CONNECTIONS, INC., and TEAMSTERS LOCAL UNION #325, | ) ) ) ) ) |
|     Defendants. | ) **JURY DEMANDED** ) |

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, JOSE L. TORRES, by and through his attorneys, BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, and for his Complaint against the Defendants, ROCK RIVER DISPOSAL SERVICES, INC., a subsidiary of WASTE CONNECTIONS, INC., and TEAMSTERS LOCAL UNION #325, states as follows:

### Preliminary Statement

1. This is an action for violations of Title VII and the Americans with Disabilities Act in regards to Rock River Disposal Services, Inc., for discrimination and failure to provide accommodations to Plaintiff Jose L. Torres pursuant to his disability, and also an action for discrimination and violation of duty of fair representation against Teamsters Local Union #325.

### Parties

2. Jose L. Torres ("Torres") is an individual residing in Winnebago County, Illinois, and is of Mexican ancestry.

3. Rock River Disposal Services, Inc., ("Rock River Disposal") is a corporation and employer located at 4002 S. Main Street, Rockford, IL 61102, and Waste Connections, Inc., is a

corporation and employer principally located at 3 Waterway Square Place, Suite 110, The Woodlands, TX 77380.

4. Teamsters Local Union #325 ("Union #325") is a labor organization union located at 5533 11th St, Rockford, IL 61109.

5. Rock River Disposal and Union #325 regularly conduct business in Rockford, IL.

6. The claims asserted herein arise from Plaintiff's employment with Rock River Disposal and union membership with Union #325.

## Jurisdiction

7. This Court has original jurisdiction over this case as this Complaint is predicated on violations of Title VII and American with Disabilities Act Title I against Rock River Disposal, and violations of 5 U.S.C. § 7114 and 5 U.S.C. § 7116 against Union #325.

## Venue

8. Venue is proper in this Court under 28 U.S.C. 1391(b)(2) as a substantial part of the events giving rise to the claims asserted herein occurred in the Northern District of Illinois.

## Facts Common to all Counts

9. Torres is currently a member of Union #325 and was a former employee of Rock River Disposal. Torres become a member of Union #325 and employed with Rock River Disposal on or about September 8, 2014.

10. A collective bargaining agreement currently exists between Union #325 and Rock River Disposal, effective between January 1, 2016, and December 31, 2020.

11. On January 4, 2018, while in the course of his employment with Rock River Disposal as a garbage truck driver, Torres suffered a work-related injury to his right shoulder and subsequently filed a workers' compensation claim.

12. As a result of this injury, Torres was unable to perform his normal work duties. Rock River Disposal did not offer a modified employment position based on the work restrictions imposed by his physician.

13. Torres was evaluated by an independent medical expert (Dr. Mark Levin) hired by Rock River Disposal, and underwent this independent medical examination on February 22, 2018. Dr. Levin opined that Torres's injury was causally related to his employment, his treatment has been appropriate, that further treatment was required, and that Torres does not have the ability to work full duty based on his injury.

14. On June 22, 2018, Torres's workers' compensation claim proceeded to trial, and the arbitrator ruled that his injury was causally related to my employment, that his treatment has been appropriate, and that he was entitled to future medical treatment.

15. On August 3, 2018, Torres, Rock River Disposal, and Union #325 representatives conducted a meeting to discuss his continued leave status and the reasonable accommodations available to Torres based on his restrictions.

16. At that meeting, Torres presented medical documentation from his physician, Dr. Michael Birman, indicating that Torres was restricted from lifting, pushing, or pulling more than 5 pounds, and was to have no overhead use involving his right shoulder or arm.

17. Based on these restrictions, Torres requested to either return as a rear-load driver for the company if a helper could be provided, to return to work collecting trash and debris at the yard of Rock River Disposal, or to return to employment performing office work at the shop area of Rock River Disposal.

18. Rock River Disposal denied these accommodations, claiming that they were unreasonable as the company would have to create a two-person route, and were also unreasonable since there existed no full-time or part-time positions for yard clean up.

19. Rock River Disposal also denied having Torres moved into an office position temporarily, stating that he would have to apply for such position, which would cause him to lose his original position as a garbage truck driver.

20. At the August 3, 2018 meeting, the possibility of additional time-off was also discussed. Rock River Disposal indicated that clarity would be needed regarding the continued work restrictions for Torres, despite Rock River Disposal's own expert opining that Torres "…is not capable of doing any functional lifting or carrying with the right upper extremity" and also opining that "…he is not yet at maximum medical improvement and maximum medical improvement is indeterminate based on further work-up and treatment modalities," and also Torres prevailing at his workers' compensation trial.

21. Torres then provided Rock River Disposal with a work note from Dr. Birman on or about September 13, 2018, which stated that his restrictions remain the same until his next appointment of November 8, 2018.

22. Despite providing this note, Rock River Disposal believed the aforementioned accommodations were still unreasonable.

23. As of October 15, 2018, November 8, 2018, and January 3, 2019, Dr. Birman reported that Torres's restrictions remained the same.

24. On January 9, 2019, Torres received a correspondence from Rock River Disposal that his employment with the company was terminated based on Torres's and his doctor's failure

4

to provide them with a return to work date, and it was not reasonable for the company to continue to accommodate him.

25. Since the date of Torres's injury and to January 9, 2019, absolutely no accommodations were provided to Torres. While off-work Torres was unpaid, and his health insurance was cancelled without justification by Rock River Disposal.

26. As noted above, without notice or justification, Rock River Disposal cancelled Torres's health insurance as of July 1, 2018, and retroactively back to March 31, 2018.

27. Torres filed a grievance on August 9, 2018, through Union #325, regarding the cancellation of insurance.

28. On September 13, 2018, Torres was informed by Union #325's attorney that Rock River Disposal has rejected the grievance and would not even take part in the first step of the grievance.

29. Union #325, instead of attempting to appeal the grievance rejection, agreed with Rock River Disposal's position, citing that the grievance was untimely filed, even though there was no proof of Torres receiving notice from Rock River Disposal that his health insurance was being cancelled. Union #325 also stated going to court to compel the grievance procedure would be "at great cost to the Union."

30. After being terminated by Rock River Disposal, Torres filed another grievance with Union #325 regarding the termination, and had a grievance meeting with Union #325 and Rock River Disposal representatives on January 17, 2019.

31. At that meeting, Rock River Disposal's general manager indicated there was no merit to the grievance, as Torres had not worked for more than 12 months and therefore no longer an employee under the CBA, even though this was completely involuntary on his part.

32. As such, Torres inquired if Union #325 would continue to step 3 of the grievance procedure, and proceed to arbitration.

33. However, Union #325 sent a letter to Torres on February 14, 2019, stating that "Based on advice of counsel, we have determined not to proceed with the grievance" due to Torres not working for 12 month, even though he was not the at-fault party for the no work.

34. Torres, upon personal knowledge and belief, is aware of two Caucasian employees who willfully violated company policies of Rock River Disposal between 2017 and 2018 (M.W. and T.O.), and were fired by Rock River Disposal, and Union #325 chose to fully represent these individuals in their grievances against Rock River Disposal.

35. Torres, upon personal knowledge and belief, learned that Rock River Disposal reinstated both employees after grievance meetings were held, and only suspended M.W. and T.O. for a short period of time, albeit their willful violations of company policies.

36. Torres, upon personal knowledge and belief, is aware of four Caucasian Rock River Disposal employees who filed workers compensation claims and never had their health insurance cancelled, and were also provided with modified employment positions based on their work restrictions. These employees include T.O., D.D., K. LNU, and D.D.

**COUNT I: Violation of Americans with Disabilities Act Title I (Rock River Disposal)**

37. Plaintiff restates and re-alleges the allegations contained in paragraphs 1-36 of the Complaint and incorporates those allegations as if fully set forth herein.

38. Pursuant to 42 U.S.C. § 12101(a)(1)(i), Plaintiff qualifies as a disabled individual under the American with Disabilities Act.

39. That in direct violation of 42 U.S.C. § 12112(b), Rock River Disposal discriminated against Plaintiff by performing one or more of the following intentional acts or omissions:

6

a. Limiting, segregating, or classifying Plaintiff in a way that adversely affected the opportunities or status of Plaintiff because of his disability;

b. Participating in an improper relationship with Union #325 and/or colluded with Union #325 that had the effect of subjecting Plaintiff to discrimination;

c. Utilizing improper standards, criteria, or methods of administration that had the effect of discrimination against Plaintiff on the basis of his disability;

d. Denying healthcare benefits to Plaintiff because of his known disability;

e. Failing to make reasonable accommodations to Plaintiff based on his disability;

f. Utilizing improper qualification standards in order to screen out Plaintiff from reasonable accommodations based on his disability;

g. Purposely terminating Plaintiff after 12 months in order to not have to provide him with any reasonable accommodations and prevent an appeal of this;

h. Failing to administer any tests on Plaintiff in order to determine the reasonable accommodations necessary for him based on his disability; and/or

i. Failing to otherwise to provide reasonable accommodations for Plaintiff pursuant to the American with Disabilities Act.

40. That based on the Rock River Disposal's actions in this matter, there has been a clear violation of Title I of the American with Disabilities Act based on Rock River Disposal's failure to provide and/or attempt to provide Plaintiff with reasonable accommodations.

WHEREFORE, Plaintiff, JOSE L. TORRES, respectfully requests this Honorable Court enter an Order awarding Plaintiff in excess of $50,000.00 in compensatory damages, ongoing front-pay, punitive damages based on Rock River Disposal's malice or reckless indifference, and attorney's fees/costs.

**COUNT II: Violation of Title VII – Unlawful Discrimination (Rock River Disposal)**

41. Plaintiff restates and re-alleges the allegations contained in paragraphs 1-36 of the Complaint and incorporates those allegations as if fully set forth herein.

42. That in direct violation of 42 U.S.C. § 2000e-2(a), Rock River Disposal discriminated against Plaintiff by performing one or more of the following intentional acts or omissions:

   a. Discriminating against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment, because of his race and/or national origin;

   b. Limiting, segregating, or classifying Plaintiff in any way which would deprive or tend to deprive his employment opportunities or otherwise adversely affect his status as an employee, because of his race and/or national origin;

   c. Providing preferential treatment to Caucasian employees who willfully violated company policies and discriminating against Plaintiff based on his race and/or national origin;

   d. Accommodating injured Caucasian employees with modified work positions and purposefully discriminating against Plaintiff based on race and/or national origin; and/or

e. Otherwise discriminated against Plaintiff in violation of Title VII.

43. That based on the Rock River Disposal's actions in this matter, there has been a clear violation of Title VII based on Rock River Disposal's unlawful discrimination against Plaintiff based on his race and/or national origin.

WHEREFORE, Plaintiff, JOSE L. TORRES, respectfully requests this Honorable Court enter an Order awarding Plaintiff in excess of $50,000.00 in compensatory damages, ongoing front-pay, punitive damages based on Rock River Disposal's malice or reckless indifference, and attorney's fees/costs.

## COUNT III: Violation of 5 U.S.C. § 7114 – Duty of Fair Representation (Union #325)

44. Plaintiff restates and re-alleges the allegations contained in paragraphs 1-36 of the Complaint and incorporates those allegations as if fully set forth herein.

45. Union #325 is the exclusive representative for Plaintiff, and is responsible for representing his interests without discrimination and without regard to labor organization membership.

46. Plaintiff requested Union #325 to represent him in regards to his two grievances against Rock River Disposal.

47. That in direct violation of 5 U.S.C. § 7114, Union #325 performed one or more of the following intentional acts or omissions:

   a. Failed to fully represent Plaintiff in good faith regarding his grievances;

   b. Failed to arbitrate Plaintiff's grievances;

   c. Failed to attempt good faith negotiations with Rock River Disposal in order to properly represent the interests of Plaintiff;

    d.  Arbitrarily refused to fully represent Plaintiff, in respect to his grievances, without proper reason;

    e.  Refused to fully represent Plaintiff, in respect to his grievances, as a result of discrimination of ancestry;

    f.  Colluded with Rock River Disposal in order to not have to fully represent Plaintiff in regards to his grievances;

    g.  Failed to fully represent Plaintiff, in respect to his grievances, based on improper motivation and/or relationship with Rock River Disposal;

    h.  Purposefully refused to fully represent Plaintiff regarding his grievances in order to avoid attorney's fees and costs; and/or

    i.  Otherwise breached its duty of fair representation owed to Plaintiff.

48.    That based on Union #325 refusal to represent Plaintiff in regards to his grievances, there has been a clear violation of 5 U.S.C. § 7114 and Union #325's duty to provide fair representation.

WHEREFORE, Plaintiff, JOSE L. TORRES, respectfully requests this Honorable Court enter an Order awarding Plaintiff in excess of $50,000.00 in damages, punitive damages based on Union #325's malice or reckless indifference, and attorney's fees/costs.

### COUNT IV: Violation of 5 U.S.C. § 7116 – Unlawful Discrimination (Union #325)

49.    Plaintiff restates and re-alleges the allegations contained in paragraphs 1-36 of the Complaint and incorporates those allegations as if fully set forth herein.

50.    Plaintiff engaged in the protected activities of filing grievances, against Rock River Disposal, with Union #325.

51. That in direct violation of 5 U.S.C. § 7116(b)(4), Union #325 refused to fully represent Plaintiff in the aforementioned grievances, and unlawfully discriminated against Plaintiff with regard to the terms and conditions of his membership with Union #325, based on his race and/or national origin.

WHEREFORE, Plaintiff, JOSE L. TORRES, respectfully requests this Honorable Court enter an Order awarding Plaintiff in excess of $50,000.00 in damages, punitive damages based on Union #325's malice or reckless indifference, and attorney's fees/costs

### JURY DEMAND

Plaintiff, JOSE L. TORRES, hereby requests a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

JOSE L. TORRES, PLAINTIFF

By: /s/ Mohit Khare
Mohit Khare

Mohit Khare
Barrick, Switzer, Long, Balsley & Van Evera, LLP
6833 Stalter Drive
Rockford, IL, 61108
815-962-6611
mkhare@bslbv.com